**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| STEPHEN DYNIEWSKI and | ) | |
| ANGELA DYNIEWSKI, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:15-CV-303-JD-PRC |
| | ) | |
| AG LINES, INC. and | ) | |
| DALIUS RACHLEVICIUS, | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on (1) Plaintiffs' Motion to Compel the Reconvened Deposition of Dalius Rachlevicius and to Extend the Time Limitation of Rule 30(d)(1), Fed. R. Civ. P. [DE 46], filed by Plaintiffs Stephen Dyniewski and Angela Dyniewski on July 15, 2016; (2) Defendants' Motion to Preclude Further Deposition of Dalius Rachlevicius [DE 49], filed by Defendants AG Lines, Inc. and Dalius Rachlevicius on July 15, 2016; and (3) Defendants' Motion for Leave to File Surreply [DE 55], filed by Defendants on July 27, 2016.

**BACKGROUND**

On July 21, 2016, Plaintiffs filed a response to Defendants' Motion to Preclude; Defendants have not filed a reply, and the time to do so has passed. On July 22, 2016, Defendants filed a response to Plaintiffs' Motion to Compel, and Plaintiffs filed a reply on July 25, 2016. On July 27, 2016, Plaintiffs filed a response to the Motion for Leave to File Surreply; Defendants did not file a reply, and the time to do so has passed.

The case arises from a tractor-trailer collision that occurred in Valparaiso, Indiana, on May 6, 2015. On July 2, 2015, Plaintiffs filed their First Amended Complaint in state court, alleging that Defendant Dalius Rachlevicius, the driver of the tractor-trailer who worked for Defendant AG Lines, Inc., collided with Plaintiff Stephen Dyniewski's vehicle, causing Dyniewski to suffer serious and

debilitating injuries. Plaintiffs assert claims for personal injuries and seek both compensatory and punitive damages. Defendants removed the case to this Court on August 16, 2015.

On June 8, 2016, counsel for Plaintiffs began the deposition of Rachlevicius at 3:43 p.m. Rachlevicius, a native Lithuanian speaker, has limited ability to read, understand, and speak the English language. As a result, Rachlevicius requested and utilized a Lithuanian interpreter during the deposition. The deposition stopped three hours later at 6:42 p.m. that same date because the court reporter, Lithuanian interpreter, and videographer could not stay any longer.

At the conclusion of the first three hours of the deposition, counsel for Plaintiffs suspended the deposition, reserving the right to reconvene the deposition at a later date. Counsel for Defendants objected to any further deposition of Rachlevicius on the basis that Defendants have admitted that they were responsible for causing the motor vehicle accident that is the subject of this lawsuit. Counsel for Defendants asserted that the only issue remaining for trial is damages. Counsel for Plaintiffs made a record in response to the objection that affirmative defenses are pending, the partial motion for summary judgment on the issue of liability is pending, and there is a claim for punitive damages.

Off the record, counsel had a discussion concerning the possibility of Defendants stipulating as to their liability as a means of satisfying Plaintiffs' perceived need to reconvene the deposition. Defendants agreed to prepare a stipulation.

On June 10, 2016, counsel for Plaintiffs sent a fax to counsel for Defendants, requesting dates to reconvene the deposition. On June 15, 2016, counsel for Defendants sent a letter to counsel for Plaintiffs reiterating the objection to presenting Rachlevicius for a reconvened deposition, asserting the deposition "would not involve any matter relevant to any issue remaining for trial in this matter." Counsel for Defendants further stated:

Rather than continue to incur needless expense conducting discovery on issues that have been fully resolved (i.e. responsibility for causing the collision) the parties should focus their efforts on entering into a stipulation that addresses the withdrawal of Plaintiffs' punitive damages claim and establishes conclusively that the Defendants are responsible for causing the collision at issue in this case.

(Docket entry 40-2). Defendants enclosed Defendants' Proposed Joint Stipulation as to Liability.

Without further discussion, on June 20, 2016, counsel for Plaintiffs served a Rule 30 deposition notice to reconvene the deposition on July 26, 2016.

On July 12, 2016, counsel for Defendants contacted counsel for Plaintiffs. During the conference, counsel for Defendants indicated that he would file a motion to quash the reconvened deposition of Rachlevicius if counsel for Plaintiffs did not agree to withdraw the notice of deposition. Counsel discussed their relative positions regarding the deposition. The teleconference ended with counsel for Plaintiffs agreeing to follow up with counsel for Defendants on or before July 15, 2016, after having had an opportunity to discuss the Proposed Joint Stipulation as to Liability with the partners in the law firm.

Counsel for Plaintiffs did not contact counsel for Defendants. Instead, Plaintiffs filed the instant Motion to Compel on July 15, 2016. Counsel for Defendants then filed the Motion to Preclude Further Deposition.

**ANALYSIS**

In the instant Motion to Compel, Plaintiffs ask the Court to compel Defendants to make Defendant Dalius Rachlevicius available for the remaining four hours of his original deposition plus an additional four hours of extended time to accommodate the delays caused by language barriers and the time needed for translation, all pursuant to Federal Rule of Civil Procedure 30(d). In its Motion to Preclude, Defendants ask the Court to issue a protective order precluding Plaintiffs from

taking the further deposition of Rachlevicius because the deposition is not proportional to the needs

of the case under Federal Rule of Civil Procedure 26(b)(1).

Federal Rule of Civil Procedure 30(d) provides:

Unless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours. The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstances impedes or delays the examination.

Fed. R. Civ. P. 30(b)(1). Federal Rule of Civil Procedure 26(b)(1), which was amended as of

December 1, 2015, permits discovery

regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Plaintiffs argue that they are within the seven-hour limit of Rule 30(d)(1) when they ask to

complete the remaining four hours of Rachlevicius' deposition. Plaintiffs note that their claim for

punitive damages remains pending and that Rachlevicius may have relevant information regarding

his conduct and state of mind at the time of, and prior, to the collision. In the initial three hours of

deposition, Plaintiffs did not have an opportunity to question Rachlevicius about the circumstances

of the collision. In response, Defendants argue that the discovery is not proportional because

Defendants have admitted Rachlevicius' negligence and vicarious liability, have withdrawn their

comparative fault defenses, have offered to stipulate as to their liability for causing the accident, and

have offered to stipulate that comparative fault is not at issue. Defendants also note that Plaintiffs'

Motion for Partial Summary Judgment on the issue of Defendants' liability and comparative fault

argues that "the amount of Plaintiffs' damages [are] the only remaining issue for the jury's consideration in this case."

However, Defendants cite no case law in which a court shortened the length of the deposition. Although Defendants have admitted responsibility for causing the collision, Plaintiffs' punitive damages claim remains pending, the parties have not entered a stipulation as to liability, and the Motion for Summary Judgment remains pending. The deposition topics Plaintiffs intend to cover are relevant to the outstanding issues. This is not a fishing expedition as suggested by Defendants. Because the seven hours allowed under Rule 30 for Rachlevicius' deposition have not expired, the Court grants the motion to the extent it seeks to complete the remaining four hours of Rachlevicius' deposition.

As for Plaintiffs' request to extend the deposition limitation in Rule 30 of seven hours of one day for an additional four hours, Plaintiffs argue that the use of the Lithuanian interpreter substantially extended the time of the deposition because of the need to translate each question and each response. In addition, Plaintiffs note that there was a lack of understanding between their counsel and Rachlevicius due to the language barrier, which required additional time for clarification. On other occasions, counsel for Plaintiffs had to ask questions multiple times or ask a series of clarifying questions in order to obtain a responsive answer. Because the use of the interpreter and the language barrier slowed the first three hours of the deposition, the Court finds that additional time for the completing the remaining four hours of the deposition is warranted. However, the Court finds that counsel for Plaintiffs is on notice of the difficulties in deposing Rachlevicius as a result of language and has had adequate time to prepare for the reconvened deposition. Therefore, the Court grants Plaintiffs an additional three hours to complete the deposition, granting Plaintiff a total of seven hours to complete the deposition.

Plaintiffs also request that the Court award reasonable expenses incurred in bringing the motion. Having carefully considered all the arguments of counsel, the Court declines to award reasonable expenses. Although Rule 30(d)(1) supports Plaintiffs' request to finish the initial seven hours of Rachlevicius' deposition, counsel for Plaintiffs failed to contact counsel for Defendants by July 15, 2016, as originally indicated in the July 12, 2016 phone conversation, choosing instead to file the instant Motion to Compel. Thus, Plaintiffs did not in good faith complete the efforts to resolve the dispute before seeking court intervention. Further briefing on the issue is unnecessary; therefore, the Court denies Defendants' Motion for Leave to File a Surreply, which goes solely to the issue of reasonable expenses.

Accordingly, the Court hereby **GRANTS in part** and **DENIES in part** the Plaintiffs' Motion to Compel the Reconvened Deposition of Dalius Rachlevicius and to Extend the Time Limitation of Rule 30(d)(1), Fed. R. Civ. P. [DE 46] and **ORDERS** that the request to continue the deposition of Defendant Dalius Rachlevicius for the remaining four hours of his original deposition is **GRANTED**, the request for additional time to conduct the deposition is **GRANTED** in a reduced amount of three hours, and the request for reasonable costs is **DENIED**.

The Court further **DENIES** Defendants' Motion to Preclude Further Deposition of Dalius Rachlevicius [DE 49] and **DENIES** Defendants' Motion for Leave to File Surreply [DE 55].

SO ORDERED this 23rd day of August, 2016.

     s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT