UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| STEPHEN DYNIEWSKI and ANGELA DYNIEWSKI, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 2:15-CV-303-JD-PRC ) ) |
| AG LINES, INC. and, DALIUS RACHLEVICIUS, | ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Now before the Court is Plaintiffs Stephen and Angela Dyniewski's Motion for Partial Summary Judgment with respect to liability on the negligence claim. [DE 32]. The motion is fully briefed and ripe for decision. [DE 33, 34, 40]. For the reasons stated below, the motion is GRANTED on the issue of liability alone, leaving outstanding the issue of damages. The Defendants' Motion to Supplement the record with unsigned versions of draft stipulations contemplated by the parties is DENIED [DE 44], as the exhibits would not affect the outcome of this Order even if they could constitute evidence.

### I. FACTS

This case arises from a motor vehicle accident which occurred on May 6, 2015, at the intersection of U.S. 30 and Coolwood Drive in Valparaiso, Indiana, involving an automobile driven by Plaintiff Stephen Dyniewski ("Dyniewski") and a tractor-trailer driven by Defendant Dalius Rachlevicius ("Rachlevicius"). On account of the accident, Plaintiffs filed their First Amended Complaint in state court on July 2, 2015, alleging that Rachlevicius collided with Dyniewski's vehicle, causing Dyniewski to suffer serious and debilitating injuries. Angela

Dyniewski, Stephen's wife, filed a related claim for loss of consortium.[1] [DE 7]. Defendants removed the case to this Court on August 16, 2015, based on diversity jurisdiction.

Since the case's inception, Defendants have admitted that Rachlevicius was negligent in his operation of the tractor-trailer involved in the subject accident and that, as a result of such negligence, "contact occurred" between the tractor-trailer Rachlevicius was operating and the automobile Dyniewski was driving. [DE 29 at 6, 10]. No one disputes that Dyniewski's car was damaged and he was taken by ambulance to the emergency room. [DE 33-5]. Defendants further admitted that AG Lines is vicariously liable for Rachlevicius' negligence at the time of the subject accident. [DE 29 at 7]. Defendants have also conceded that they do not have any information indicating that Dyniewski, or any nonparty, did anything to cause or contribute to the collision. [DE 41-1]. Defendants have only denied that Rachlevicius' negligence proximately caused all of Dyniewski's alleged injuries and other losses claimed by Plaintiffs. [DE 29, 33-1, 34-1].

## II. STANDARD OF REVIEW

Summary judgment is appropriate when there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Once a party has made a properly-supported motion for summary judgment, the nonmoving party may not simply rest upon the pleadings but must instead submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (internal quotation marks omitted). At the summary judgment

---

[1] The loss of consortium claim is not at issue here.

stage, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor. *Anderson*, 477 U.S. at 255.

## III. ANALYSIS

The Court need not delve into a lengthy discussion here, given that the parties' arguments unnecessarily focuses on mere semantics. Essentially, Defendants have admitted that it breached a duty owed to Dyniewski which resulted in a vehicular accident. *See Ford Motor Co. v. Rushford*, 868 N.E.2d 806, 810 (Ind. 2007) (stating the elements of a negligence claim); *see also Romero v. Brady*, 5 N.E.3d 1166, 1168 (Ind. Ct. App. 2014) (noting that motorists have a duty to use due care to avoid collisions). Defendants only deny the extent of the damages claimed by Plaintiffs as a result of the accident. Thus, Defendants have admitted liability for the accident, but Plaintiffs will still need to prove that their claimed damages were proximately caused by the accident. *See Dunn v. Cadiente*, 516 N.E.2d 52, 55 (Ind. 1987) ("Just because there is proof that *some* of the claimed injury and loss was caused by the breach of duty does not necessarily mean that *all* damages resulted from the breach"); *see also Daub v. Daub*, 629 N.E.2d 873, 878 (Ind. Ct. App. 1994) (noting that when the issue of cause is not within the understanding of a lay person, testimony of an expert witness on the issue is necessary). The question of proximate cause is one usually left for the jury, *see Rhodes v. Wright*, 805 N.E.2d 382, 388 (Ind. 2004), hence, the reason even Plaintiffs' motion acknowledges that the determination of the amount of Plaintiffs' damages is one for the trier of fact.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Partial Summary Judgment [DE 32] is GRANTED insofar as it establishes as a matter of law that Defendants are liable for negligence

resulting in the motor vehicle accident, with damages left to be determined. The Defendants'

Motion to Supplement [DE 44] is DENIED.

SO ORDERED.

ENTERED: November 17, 2016

/s/ JON E. DEGUILIO
Judge
United States District Court